Filed 9/18/23  P. v. Pao CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093267 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F03254) |
| v. | |
| GE LOR PAO, | |
| Defendant and Appellant. | |

In 2005, defendant Ge Lor Pao and his codefendant Chongt Yang were members of a gang; the victim was a member of a rival gang.  On February 20th of that year, defendant and his codefendant were passengers in a gold Toyota.  The victim was driving

1

a red Honda. When both cars stopped at an intersection, defendant and his codefendant exited the Toyota and walked toward the Honda. Both defendant and his codefendant were armed with a gun and both of them shot at the victim multiple times. The victim was hit six times and was killed. (*People v. Yang* (Sept. 28, 2009, C056356, C056754) [nonpub. opn.] (*Yang*).)

In 2007, a jury found defendant and his codefendant guilty of first degree murder and found that they committed the crime for the benefit of a criminal street gang. (Pen. Code, §§ 187, subd. (a), 186.22, subd. (b)(1).)[1] As to defendant, the jury found true that he personally used a firearm. (§ 12022.53, subd. (d)(1).) This court affirmed the judgment in 2009. (*Yang, supra*, C056356, C056754.)

In June 2020, defendant filed a petition for resentencing under former section 1170.95, now 1172.6.[2] The trial court denied defendant's petition in December 2020, reasoning that defendant was ineligible for relief because his jury was never instructed on felony murder or the natural and probable consequences doctrine. Instead, the jury was instructed with CALCRIM No. 401 on direct aiding and abetting and with CALCRIM Nos. 520 and 521 on malice aforethought murder and first degree willful, deliberate, premeditated murder.

Defendant appealed the trial court's denial of his petition for resentencing. In April 2021, counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and asked this court to review the record and determine whether

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Defendant filed his petition under former section 1170.95, but we will cite to current section 1172.6 in the remainder of our opinion.

there are any arguable issues on appeal. This court dismissed the appeal as abandoned in May 2021.

The California Supreme Court granted review and transferred the matter back to us with directions to vacate this court's original decision and reconsider the appeal in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).

In April 2023, this court notified defendant he had 30 days to file a supplemental brief raising any argument he wanted us to consider. Defendant filed a supplemental brief.

## DISCUSSION

### A

Senate Bill No. 1437, which became effective on January 1, 2019, amended section 188 (defining malice) and section 189 (defining the degrees of murder). (Stats. 2018, ch. 1015, §§ 2 & 3.) Amended section 189 states: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] [or] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

Senate Bill No. 1437 also added section 1172.6, which allows those convicted of murder under the felony-murder theory to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

3

The prima facie inquiry under section 1172.6 subdivision (c) is limited. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

B

In *Delgadillo*, the California Supreme Court concluded that *Wende* review is not required for a trial court's order denying a petition for postconviction relief under section 1172.6. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) Instead, where a defendant has filed a supplemental brief in such a case, the Court of Appeal is only required to evaluate the specific arguments presented in that brief. (*Id*. at p. 232.)

In his supplemental brief, defendant argues there is insufficient evidence that he was the actual killer because he never admitted guilt, the eyewitness was a liar, and there was no physical evidence tying him to the killing. He also argues the true finding on the firearm enhancement allegation does not disqualify him from relief, and the trial court improperly relied on this court's prior opinion.

Although defendant suggests the evidence of his guilt came from a lying witness, we will not second-guess the jury's credibility determinations. There is no indication the jury found defendant guilty based on a now-improper theory.

There is also no indication the trial court relied on improper information in denying relief. Although it said it had reviewed the record of conviction, it did not specifically mention the firearm enhancement or this court's prior opinion. The record does not establish that the trial court erred in concluding defendant was not convicted of felony murder or murder under the natural and probable consequences doctrine.

4

## DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.

                                        /S/
                                        MAURO, J.

We concur:


        /S/
ROBIE, Acting P. J.


        /S/
RENNER, J.

5